

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-17-00059-CR

_____

**CHARLES EARL GREER,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

_____

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. 9635**

_____

## MEMORANDUM OPINION

_____

Charles Earl Greer was charged with possession of marijuana over four ounces but less than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (West 2010). Judgment was deferred and Greer was placed on community supervision per the trial court's order filed on November 10, 2016.

Greer now attempts to appeal from an order denying Greer's motion to withdraw his guilty plea. His notice of appeal was filed on February 14, 2017. Notwithstanding that an order denying a motion to withdraw a guilty plea, by itself, is not a final, appealable order, Greer's notice of appeal from the underlying deferral of adjudication,

the only final, appealable order in this case, is untimely, and we have no jurisdiction of this appeal. *See* TEX. R. APP. P. 26.2 ("the notice of appeal must be filed…within 30 days after the date sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order…."); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely). Further, the trial court's certification of Greer's right of appeal indicates Greer has no right to appeal, and this appeal must be dismissed. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (plea bargain).

Accordingly, for the reasons stated, this appeal is dismissed.[1] Greer's Motion to Withdraw and Motion to Appoint Counsel are dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Motion dismissed as moot
Opinion delivered and filed March 22, 2017
Do not publish
[CR25]



---

[1] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).